IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SCOTT L. GRIFFIN,                    §
                                     §
                    Plaintiff,       §
                                     §   Civil Action No. 3:04-CV-2179-D
VS.                                  §
                                     §
RAYTHEON COMPANY LONG TERM           §
DISABILITY PLAN NO. 558,             §
et al.,                              §
                                     §
                    Defendants.      §

MEMORANDUM OPINION
AND ORDER

Plaintiff Scott L. Griffin ("Griffin") objects to the June 21, 2005 order of the United States Magistrate Judge denying his motion to compel and amended motion to compel and granting the motions to quash and for protective order of defendant Metropolitan Life Insurance Company ("MetLife"). Concluding that Griffin has failed to demonstrate reversible error, the court AFFIRMS the order.

I

Griffin sought discovery from MetLife arising from its decision as administrator of the Raytheon Company Long Term Disability Plan No. 558 ("Plan") to terminate his long-term disability benefits. MetLife objected to the discovery, and the parties presented their dispute to this court via motions to compel, to quash, and for protective order. The court referred the motions to the magistrate judge. Following a hearing, the magistrate judge denied Griffin's motion and amended motion to

compel and granted MetLife's motions to quash and for protective
order.  Based on MetLife's agreement to do so, he ordered MetLife
to produce its long-term disability claims guidelines for the
period that Griffin's claim was pending and the administrative
services agreement between MetLife and Raytheon Company
("Raytheon") and to provide Griffin an affidavit stating that
MetLife had produced a true, correct, and complete copy of the
administrative record in this case.  Griffin objects to the
magistrate judge's order, contending that he is entitled to greater
discovery than the order allows.  He seeks, in particular, five
categories of discovery.[1]

                                II

     The standard of review for a decision of a magistrate judge in
a nondispositive matter is governed by Fed. R. Civ. P. 72(a), which
provides that the court "shall modify or set aside any portion of
the magistrate judge's order found to be clearly erroneous or
contrary to law."  *Id.*  "'The 'clearly erroneous' standard applies
to the factual components of the magistrate judge's decision.'"
*Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D.
Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661,
665 (N.D. Tex. 1994) (Fitzwater, J.)).  "'The district court may

_____

     [1]In parts of his objections, Griffin may be seeking discovery
that does not coincide precisely with these categories.  To the
extent he does, he has not adequately preserved the objection, and
the court declines to consider any discovery request that exceeds
those included in the five specified categories.

not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'"  *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted).  "'If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it.'"  *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted).  The legal conclusions of the magistrate judge are reviewable *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in [his] legal conclusions."  *Id.*  "[T]he abuse of discretion standard governs review of 'that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.'"  *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration in original).  As in other appeals, the court may affirm a correct order of the magistrate judge on grounds that he did not cite or that were not raised before him.  *See, e.g., Cimmaron Oil Co. v. Cameron Consultants, Inc.*, 71 B.R. 1005, 1011 (N.D. Tex. 1987) (bankruptcy appeal) (Fitzwater, J.) ("[T]his court may affirm a correct judgment for reasons not given by the court below or advanced to it.").

III

A

With limited exceptions, this court's review of MetLife's decision in this ERISA[2] case is restricted to consideration of the administrative record. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc) ("Once the administrative record has been determined, the district court may not stray from it except for certain limited exceptions."). The court may also consider evidence of "how an administrator has interpreted terms of the plan in other instances, and evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim." *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000) (citing *Vega*, 188 F.3d at 299).

B

1

Griffin is not entitled to discovery concerning the accuracy and completeness of the claim record. *See* Objs. at 7. "The plan administrator has the obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether that record is complete." *Bratton*, 215 F.3d at 521 (citing *Vega*, 188 F.3d at 299; *Barhan v.*

---

[2]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

*Ry-Ron Inc.*, 121 F.3d 198, 201-02 (5th Cir. 1997)). "[I]t is the plan administrator's responsibility to compile a record that he is satisfied is sufficient for his decision." *Barhan*, 121 F.3d at 201 (citing 29 C.F.R. § 2560.5031(f)). "[A]s a practical matter, the plan administrator is ordinarily best-positioned to submit that administrative record." *Id.* Although the court can envision circumstances in which a miscreant plan administrator in denying a claim conceals evidence that, if disclosed, would cast doubt on its decision, it would appear that such evidence (e.g., a medical report that favors the claimant) would typically be equally available to the claimant, who would have his own right to include it in the administrative record. *See Vega*, 188 F.3d at 299-300 (pointing out that plaintiffs could easily have presented favorable evidence to administrator, and holding that, "[b]efore filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it."). The Fifth Circuit has in fact rejected concerns of this sort.

> Although we recognize that there is a concern that a self-interested administrator can manipulate this process unfairly (e.g., by permitting the administrator to exclude from the record information that would weigh in favor of granting the claim), we think that this concern is largely unwarranted in the light of adequate safeguards that can be put in place.

*Id.* at 300.

Moreover, it is significant (if not dispositive) for purposes of this appeal that Griffin does not appear to be seeking discovery for the purpose of testing the accuracy and completeness of the administrative record in its relevant sense: contesting whether the record is complete and challenging the veracity of MetLife's affidavit that the administrative record is true, correct, and complete. Griffin contends he should be permitted to "explore what should be part of the administrative record and/or if there is substantial evidence compiled by MetLife, as well as the method of gathering and reliability of such evidence." Objs. at 9-10. In other words, he appears to be attempting to establish what MetLife *should* have considered rather than what it *did* consider when it decided to terminate his benefits.[3] This is not what is meant by affording the claimant a reasonable opportunity to contest whether the record is complete. Griffin has not shown reversible error on this basis.

2

Griffin's request for discovery concerning the procedure used and the safeguards to ensure consistency, *see* Objs. at 10, is somewhat related to the one just discussed. He points out that

---

[3]In his reply brief, for example, Griffin asserts that "[i]t is only by exploring what could have been included, should have been included and is required to be included in the record that the bias and conflict of MetLife can be determined." P. Rep. Br. at 4.

ERISA regulations prescribe claim procedures that contain administrative processes and safeguards, and he seeks discovery of documents that demonstrate MetLife's compliance with these processes and safeguards.

Griffin has not demonstrated that he is entitled to discover documents that exceed what constitutes the administrative record or that fall within one of the limited areas that the court is permitted to consider besides the record.  He cites ERISA regulations that establish claims procedures (including disclosure obligations) that ERISA plans must follow and makes the *ipse dixit* assertion that he is entitled to discover documents that demonstrate MetLife's compliance with such procedures and safeguards.  None of the authorities he cites, however, places an obligation on a plan administrator to permit discovery of such materials apart from its regulatory obligation to disclose them as part of the claim process.  In other words, although the regulations mandate disclosure and permit Griffin to obtain access to documents, records, and other information as part of the claim process, they do not explicitly or implicitly authorize discovery under the Federal Rules of Civil Procedure during ensuing litigation.[4]  The court declines to reverse the magistrate judge's

---

[4]For purposes of the present appeal, the court need not decide whether Griffin is or is not now permitted under the terms of the Plan or the ERISA regulations to request production of documents, records, and other information relevant to his claim for benefits. This issue is not before the court.

decision concerning this request.

                                    3

     Griffin also requests discovery regarding MetLife's
interpretation of the policy.  *See* Objs. at 18.  As noted above,
the court may consider evidence of how the administrator has
interpreted the Plan in other instances.  The magistrate judge's
order provides that MetLife will produce its long-term disability
claims guidelines for the period that Griffin's claim was pending.
Griffin has not shown that this evidence is inadequate to enable
him to discover evidence that is pertinent to what this court may
permissibly consider——i.e., how the administrator has interpreted
the Plan in other instances——and he has thus failed to demonstrate
reversible error.

                                    4

     Finally, the court considers together Griffin's request for
discovery regarding conflict of interest, *see* Objs. at 12, and
discovery regarding claim data (in which he seeks to establish bias
and conflict by comparing claims adjusted in the non-ERISA context
with those adjusted under ERISA), *id.* at 19.  He has not shown that
he is entitled to the discovery he seeks.

     When a plan "administrator's decision is tainted by a conflict
of interest, the court employs a 'sliding scale' to evaluat[e]
whether there was an abuse of discretion."  *MacLachlan v.*
*ExxonMobil Corp.*, 350 F.3d 472, 478 (5th Cir. 2003) (citing *Vega*,

188 F.3d at 297).   "The greater the evidence of conflict on the part of the administrator, the less deferential [the] abuse of discretion standard will be." *Vega*, 188 F.3d at 297.   Griffin seizes on this concept to contend that, without discovery, he cannot establish the extent of MetLife's conflict of interest.   He posits that this, in turn, will result in this court's reviewing MetLife's decision to deny benefits with only a modicum of less deference.   *See id.* at 301 ("On our sliding scale, therefore, we conclude that it is appropriate to review the administrator's decision with only a modicum less deference than we otherwise would.").

This court's review of the Fifth Circuit's published "sliding scale" cases since *Wildbur v. ARCO Chemical Co.,* 974 F.2d 631 (5th Cir. 1992),[5] reveals that no panel has held that a party may (or even needs to) conduct extensive discovery concerning the administrator's conflict.[6]   As a threshold matter, it appears that, while the cases refer to a need for "evidence" of a conflict, *see, e.g., Vega*, 188 F.3d at 297, they intend to refer to proof of an *apparent* conflict, *see id.* at 296 ("Under the 'sliding scale'

---

[5]*Vega* reaffirms the *Wildbur* "sliding scale" standard. *Vega*, 188 F.3d at 297 ("[W]e reaffirm today that our approach to this kind of case is the sliding scale standard articulated in *Wildbur*.").

[6]By "extensive discovery" the court means discovery that substantially exceeds what is necessary to establish an apparent or inherent conflict.

standard, the court always applies the abuse of discretion standard, but gives less deference to the administrator in proportion to the administrator's *apparent conflict*." (emphasis added)) & 302 ("The amount of deference we accord to the administrator will decrease the more the administrator labors under an *apparent conflict* of interest." (emphasis added)).  An *apparent* conflict is logically one that would be discernible without extensive discovery, evidence of which could usually be derived from the inherent nature of the legal relationship between the administrator that decides whether to pay, and the entity that pays, a claim.  *See Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 270 (5th Cir. 2004) ("In its Objections and Responses to Plaintiff's Request for Admissions, Liberty acknowledges that it has a financial interest in the dollar value of the claims that are paid under the Policy.  This is enough to satisfy us that a legal conflict of interest exists here."); *Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 629 n.10 (5th Cir. 2004) ("Moreover, we recognize that because MetLife 'potentially benefits from every denied claim,' its decision is accorded 'less than full deference.'"); *MacLachlan*, 350 F.3d at 479 (pointing out that district court "acknowledged that an *apparent conflict* may exist because 'ExxonMobil administers its own plan'") (emphasis added); *Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001) ("Our analysis of whether Provident abused its discretion is

informed by Provident's role as both the insurer and administrator. . . . As such, Provident operates under a conflict of interest because it potentially benefits from every denied claim. Therefore, we apply a sliding scale standard and accord Provident's decision less than full deference." (internal quotation marks and citations omitted)).  Moreover, in *Gooden* the panel specifically disapproved the district court's reliance on evidence outside the administrative record to support its conclusion that the administrator had failed to conduct a reasonable and impartial investigation.  It also rejected the plaintiff's contention on appeal that *Wildbur* "created an exception for the use of evidence outside the administrative record to demonstrate that the administrator acted in a biased, partial, or unreasonable manner." *Gooden*, 250 F.3d at 333.  It made clear that the exceptions to review based only on the administrative record are limited to evidence that relates to how an administrator has interpreted terms of the plan in other instances and evidence that will assist the district court in understanding the medical terminology or practice related to a claim.  *See id. &* n.5.  It follows that extensive discovery concerning an administrator's possible conflict of interest would be unnecessary if the reviewing court is structurally limited in the scope of the evidence it may consider.[7]

_____

[7]One component of the Fifth Circuit's decision in *MacLachlan* that may at first blush seem inconsistent with this conclusion can be harmonized with it.  In *MacLachlan* the panel addressed the

Under the terms of the magistrate judge's order, MetLife must produce its administrative services agreement with Raytheon.  This agreement should be sufficient to disclose an apparent conflict, if any exists.  Griffin has not demonstrated that he is entitled to greater discovery to show where on the sliding scale this court's level of deference should lie.  The court will not disturb the magistrate judge's order in this respect.

                              *      *      *

Griffin has failed to show reversible error.[8]  Accordingly, without suggesting agreement with each component of the magistrate judge's reasoning or each of MetLife's arguments, without intimating that Griffin cannot timely seek other discovery (including some mentioned in his briefing) that is permitted under

---

plaintiffs' second basis for arguing that the administrator had a conflict that affected the sliding scale: he had asked another employee who was familiar with the plans in question for information on historical interpretations of the plan at issue. *MacLachlan*, 350 F.3d at 480.  The plaintiffs argued that the district court had erred in requiring evidence that the conflict had any effect before it would apply the sliding scale.  The panel held that it was not error for the district court to require proof on this point because the court is obligated to lessen its deference only in proportion to the amount of conflict demonstrated by the challenging party.  *Id.*  In other words, the panel affirmed *the district court's decision to require proof of a conflict that was not inherent;* it did not suggest that the plaintiffs were entitled to conduct, or should have conducted, discovery to develop their argument or to search for evidence of a conflict of which they were not already aware.

[8]The court declines to consider any grounds of error or requests for specific discovery that are included for the first time in Griffin's reply brief.

ERISA and this circuit's precedent, and without expressing a view

concerning the merits of this case, the court affirms the June 21,

2005 order of the magistrate judge.

AFFIRMED.

August 31, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 13 -